This is a suit to quiet title to a piece of land in Newark. The only question is whether complainant's title is subject to the lien of a mortgage made in 1887 by the then owner of the property, the Central Railroad Company of New Jersey, to secure an issue of bonds. The mortgage does not expressly convey the premises in question but the mortgagee, the defendant Trust Company, contends that the general words of the instrument and the intention of the parties to be gathered therefrom, are effective to subject the property to the lien of the mortgage. In construing a deed, the question is not what the grantor intended to convey but what he did convey. Yet in ascertaining what is actually granted, the intention of the parties as it appears in the deed must be given effect as far as the words of the grant permit. N.E. Telephone and Telegraph Co. v. Hepburn, 73 N.J. Eq. 657,662.
The mortgage begins with a series of recitals, one that the board of directors have deemed it expedient to borrow a large sum on bonds "to be secured by a general mortgage covering all the property of the Railroad Company." Following the recitals, the mortgage conveys "all and singular the railroads, property, franchises, rights and privileges of the Railroad Company, which are more particularly described as follows."
The next sixteen pages describe the property conveyed, the most important categories being railroads and ferries, securities and leases of subsidiary railroad companies, and property to be acquired by the proceeds of the new bonds.
The defendant construes the granting clause so as to convey "all and singular the railroads, property, franchises, rights and privileges of the Railroad Company," and urges that the next words, "which are more particularly described as follows," do not limit the general terms of the grant but are a mere enumeration of the principal properties conveyed. *Page 554 
That the mortgage covers all the property of the Company, whether or not it be "more particularly described." In customary usage, where general words are followed by a descriptive clause, the latter qualifies the former. "All the soldiers of the United States who are fighting in Europe." And this is normally true of a deed or mortgage. The contention of the defendant can be upheld only if it is apparent from the instrument as a whole that the intent was to include in the grant all that could be embraced within the general terms. Alabama v. Montague, 117 U.S. 602;6 S.Ct. 911. So we proceed further with the examination of the mortgage. But first I will note a stipulation that the premises in question "were never used or necessary to be retained for future use by Central Railroad Company of New Jersey for operating its railroads, branches, or any of them."
It appears from defendant's brief that the Railroad Company owned a considerable group of small parcels of land not useful for railroad purposes, none of which are described in the deed. Counsel suggest that a detailed description thereof would have been extremely long and burdensome and in consequence the mortgage of a railroad as such, would have been distorted by undue emphasis upon non-railroad property. The mortgage does describe by metes and bounds certain important tracts of land in Hudson County, and it described in general terms other lands. For instance, "all the lands and real estate of the Railroad Company situate in the City of New York on the west side of West Street opposite to or nearly opposite to, the foot of Liberty Street, now belonging to the Railroad Company and used as and for its ferry." And there is an even broader phrase, "all lands, grants of lands, lands under water, water rights, rights-of-way, buildings, improvements, tenements and hereditaments, now owned by it, and used or necessary to retain for future use, for operating the said railroads, branches, or any of them." Here are words which would clearly include complainant's lot, and all the other non-railroad lands of the Company, had not the draftsman inserted the concluding words "and used or necessary to retain for future use for operating the said railroads, branches, or any of them." The *Page 555 
defendant can prevail only if these words are disregarded. That they were not used inadvertently or without weighing their effect, is indicated by the fact that similar words appear in other parts of the description. For instance, all ties, machinery, tools, c., "now or hereafter acquired and used for the locating, constructing, operating, renewing, replacing, repairing, and maintaining said railroads and telegraph lines, or any part thereof, or which are necessary to retain for future use for such purposes." A like phrase restricts the description of rolling stock and equipment which is transferred by the mortgage. The operative clauses of the mortgage clearly show an intention to convey only the railroads and property used in connection with them, and not to convey non-railroad property such as the premises which are the subject of this suit.
Lastly, defendant points to the recital that the directors deemed it expedient that the bonds should be secured "by a general mortgage covering all the property of the Railroad Company." The rule that applies is well settled. If the recital and the operative part of the deed are clear but are inconsistent with each other, the operative part is to be preferred.Bellisfield v. Holcombe, 102 N.J. Eq. 20. See, also, 26C.J.S. 338. Since the granting clause in the mortgage is clear, it governs. Let there be a decree quieting complainant's title.